Matveeva v City of New York (2022 NY Slip Op 00046)





Matveeva v City of New York


2022 NY Slip Op 00046


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Index No. 450675/16 Appeal No. 14963 Case No. 2021-03204 

[*1]Miroslava Matveeva, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Alliance for Downtown New York, Inc., et al., Defendants.


Law Offices of William Pager, Brooklyn (William Pager of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (John Moore of counsel), for respondent.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered April 9, 2021, which granted the defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
Plaintiff alleges that she was injured when she tripped and fell on a wooden board that was part of a temporary recreational program set up at Coenties Slip Plaza. The motion court properly concluded that plaintiff's action was subject to the prior written notice requirement set forth in Administrative Code of City of NY § 7-201(c)(2), since the plaza in which plaintiff fell can be characterized as a public way, public place, or pedestrian walk, and therefore falls within the definition of "street" or "sidewalk" in Administrative Code of City of NY § 7-201(c)(1)(a) and (b). Because the City established that it did not receive prior written notice of a defective condition in that area, it cannot be held liable (see Tomashevskaya v City of New York, 161 AD3d 511, 512 [1st Dept 2018]).
In addition, plaintiff failed to provide evidence sufficient to raise a triable issue of fact as to whether the City received notice of the condition, caused or created the condition, or made special use of the area.
We have considered plaintiff's remaining contentions to the extent preserved and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022